Telfer v. Kierstead.

WILLIAM B. TELFER, CLAIMANT, *v.* HENRY KIERSTEAD AND
AMELIA KIERSTEAD, OWNERS.

The primary object of the Mechanics' Lien Law is to create, in favor of the sub-
contractor, laborer, and material man, a lien upon the fund in the hands of the
owner, due or owing to the contractor, and as to that fund to create a lien having
priority over every general creditor of the contractor.

The death of the contractor after the completion of the work, does not deprive a
sub-contractor, laborer, or material man, of the right to thereafter file a notice
of claim, and acquire a lien for labor or materials furnished on the employ-
ment or request of the contractor.

The only condition imposed by the law upon the right to a lien under it, is,
that the notice of claim therein prescribed shall be filed and served within six
months after the work has been performed or the materials furnished.

AT SPECIAL TERM, *December* 14, 1859.

Demurrer to a complaint. The action was brought to fore-
close a mechanic's lien acquired by the plaintiff upon premises
in Fifty-fourth street, in this city. The complaint alleged, among
other necessary averments, that William Dennison entered into
a contract with the defendants, by which he was to erect for
them a building upon the premises in question; that, under an
employment by Dennison, the plaintiff did the plastering work,
for which it was agreed he was to receive $400. That Dennison
completed the building, and after such completion, but before
the plaintiff filed his notice claiming a lien, Dennison died intes-
tate, and his wife has since administered upon his effects. Judg-
ment was demanded for the amount claimed.

The defendants demurred upon the ground that the complaint
did not show facts sufficient to constitute a cause of action.

The only question presented, was whether the death of the
original contractor deprived the plaintiff of his right thereafter
to acquire a lien, under the Mechanics' Lien Law, for the mate-
rials and labor furnished by him towards the erection of the
building.

*Henry D. Van Orden*, for the defendants.

*D. & T. McMahon*, for the plaintiff.

BRADY, J.—William Dennison agreed with the defendants, the owners of the premises described in the complaint, to erect a building thereon, and the plaintiff contracted with Dennison to do certain work and furnish certain materials towards such erection, and in conformity with the contract between defendants and Dennison. The plaintiff performed his agreement, and Dennison completed his contract, but died intestate before the plaintiff's lien was filed. The plaintiff's labor was performed, and the materials furnished, however, within six months prior to the filing of the lien. The defendants demur and insist that the Lien Law is a special statute, to be strictly construed; that it contemplates the existence of the contracting parties, and that the death of the contractor in effect repeals or abrogates the statute, and deprives the laborer or material man of his lien. That upon the death of the contractor his assets pass to the executor or administrator, and that the intervention of the lien cannot deprive his legal representatives of their power over his estate. The answer to this argument is, that the primary object of the legislature was to create, in favor of the laborer and material man, a lien upon the fund in the owners' hands, due to the contractor, and as to that fund to give him priority over every general creditor of the contractor, imposing only, as a condition, that within the time prescribed therefor he should file and serve the notice required by the statute. That condition has been performed, and the plaintiff's right thereupon became absolute. The contractor having finished the building, there was a balance due to him, which was subject to the plaintiff's inchoate right, and that right could be defeated only by the payment to the contractor of the balance, prior to notice of the lien. For these reasons I think the demurrer not well interposed, and that the plaintiff is entitled to judgment.

Ordered accordingly.